UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HAROLD LEE MORRIS**,

      Petitioner,

v.                                                    **CIVIL NO. 06-1052 MV/DJS**

**ROBERT ULIBARRI, Warden,**

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. By this action, Petitioner seeks to vacate the judgment and sentence entered in No. CR-2001-801 in the Third Judicial District, Dona Ana County, of New Mexico. In that proceeding Petitioner was convicted, pursuant to a guilty plea, of three counts of Trafficking in a Controlled Substance (Cocaine by Distribution) and three counts of Conspiracy to Commit Trafficking in a Controlled Substance (Cocaine by Distribution) . Pursuant to those convictions, he was sentenced to a term of imprisonment of thirty six years, twenty four years of which were suspended, to be followed by two years of parole.

2. Petitioner challenges his conviction and sentence on three grounds. First, he contends that he was denied effective assistance of counsel because his attorney failed to explain the plea and its consequences to him and failed to provide any defense. As his second ground for relief, Petitioner

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

asserts that his plea was not knowing and voluntary as the plea agreement was not specific on any terms. Petitioner's third ground for relief is that he was incompetent at the time of his guilty plea.

3. 28 U.S.C. §2254 (b) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal habeas proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent asserts that Petitioner has failed to exhaust his state remedies as to his claims of ineffective assistance of counsel and regarding his guilty plea in that he never presented those claims to the state courts. In addition, Respondent contends that the petition is time barred. It may be possible for this Court to review the merits of Petitioner's unexhausted claims as well as his contention that he was incompetent at the time of his guilty plea (which claim was presented to the New Mexico Courts and resolved on the merits). See 28 U.S.C. §2254(b)(2) (It is proper to consider an unexhausted claim on the merits for the purpose of denying relief.). However, the untimeliness of the instant federal petition bars Petitioner's request for relief.

4. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified in part as 28 U.S.C. §2244(d)(1), became effective April 24, 1996 and established a one year statute of limitations for bringing *habeas* petitions pursuant to 28 U.S.C. §2254. That time period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of time for direct review. 28 U.S.C. §2244(d)(1)(A). Alternatively, the time begins to run from the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2244(d)(1)(D). The one year statute of limitations is tolled during the time in which a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2).

5. The judgment and sentence challenged by Petitioner was entered on September 4, 2002. Answer, Exhibit A. Petitioner filed two motions to reconsider his sentence, which were denied. The

first motion to reconsider was pending for fifteen days, Answer, Exhibits C, D, and the second was pending for nineteen days. Answer, Exhibits E, F. On February 23, 2004, he filed a state *habeas* petition. Answer, Exhibit G. He was then appointed counsel and filed an amended petition, Answer, Exhibit I, which was denied on August 22, 2006. Answer, Exhibit K. His petition for *certiorari* review of that denial was dismissed on October 5, 2006. The instant action was filed on October 25, 2006.

      6. Petitioner's conviction became final on October 4, 2002, as Rule 12-201(A)(2) of the New Mexico Rules of Appellate Procedure provides that parties must file an appeal within 30 days of the state district court's judgment. Thus, his Federal *habeas* petition would have had to been filed by October 4, 2003. Tolling that period for the thirty-four days during which his motions to reconsider his sentence were pending, he would have had to have filed his Federal petition by November 7, 2003. While Petitioner's state *habeas* petition would also have tolled the one year period of limitations, that petition was not filed until well after the period had expired. Consequently, this action is untimely.

      7. The one-year statute of limitations may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000), cert. denied, 531 U.S. 1194 (2001). The Tenth Circuit limits equitable tolling of the one-year limitation period to "'rare and exceptional' circumstances." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir.2003) (citing Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir.2000)). "Equitable tolling is appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct-or other uncontrollable circumstances-prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory

period." <u>Burger</u>, 317 F.3d at 1141 (citing <u>Gibson</u>, 232 F.3d at 808). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. <u>Miller v. Marr</u>, 141 F.3d 976, 977 (10th Cir.1998). Nothing in the pleadings in this action indicates that equitable tolling is appropriate in this case.

**RECOMMENDED DISPOSITION**

That the petition be denied and that this matter be dismissed with prejudice as time barred.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**