IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HAROLD LEE MORRIS,

      Petitioner,

vs.                                                                     No. 06-CV-1052 MV/DJS

ROBERT ULIBARRI, Warden, and
GARY K. KING, Attorney General for
the State of new Mexico

      Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner's Objections to the Magistrate Judge's Order Granting Respondents' Motion to Quash [Doc. 60]. The Court has considered Petitioner's Objections and the relevant law, and being otherwise fully advised of the premises, the Court **VACATES** Magistrate Judge Svet's Order Granting Respondents' Motion to Quash [Doc. 59] and **DENIES** the Motion to Quash [Doc. 47] for the reasons stated herein.

## LEGAL STANDARD

A "district court must defer to the magistrate judge's [discovery] ruling unless it is clearly erroneous or contrary to law." *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); *see* 28 U.S.C. § 636(b)(1)(A). Under the clearly erroneous standard, this Court must affirm the Magistrate Judge's Order unless a review of all the evidence leaves the Court "with the definite and firm conviction that a mistake has been committed." *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (internal quotation marks and brackets omitted).

## PROCEDURAL HISTORY

On August 5, 2009, the Magistrate Judge held an evidentiary hearing on the issue of

1

equitable tolling with respect to Petitioner Harold Lee Morris's Petition for Writ of Habeas Corpus. At the conclusion of the hearing, the Court had the following exchange with Petitioner's counsel:

> THE COURT: [Y]ou had no intention of providing or attempting to supplement the record with the medical records, did you?
>
> MR. DAVIDSON: Not at this time, not unless Your Honor requests it and orders it.
>
> THE COURT: It's your case. All right. Nothing further then, and the record will be closed.

Tr. of Evid. Hr'g held on 8/5/2009 [Doc. 51] at pp. 78-79. The Magistrate Judge ordered Petitioner to file his final brief on the issue of equitable tolling within thirty days of the court reporter's issuance of the transcript of the evidentiary hearing, and further ordered Respondents to file a brief in response thirty days after that. *Id.* at 78.

On August 13, 2009, just over a week after the evidentiary hearing and over two months before the issuance of the official transcript of the hearing, Petitioner issued a subpoena for records to Patty Johnson, the Deputy Records Bureau Chief of the New Mexico Department of Corrections. Resp'ts' Mot. to Quash [Docs. 47 & 48]. That same day, Respondents moved to quash the subpoena, *see id.*, and counsel for Respondents instructed Ms. Johnson not to comply with the subpoena. Doc. 47 at 3. On August 17, 2009, Petitioner filed a Response, objecting to Respondents' Motion to Quash on grounds that Respondents did not have standing to challenge the subpoena. Pet.'s Resp. to Resp'ts' Mot. to Quash [Doc. 49]. As the deadline for briefing on equitable tolling approached, the Magistrate Judge had not ruled on the parties' arguments with respect to the subpoena, and Petitioner filed his final brief on December 8, 2009. Pet.'s Brief on Statutory and Equitable Tolling of the Limitations Period Under 28 U.S.C. § 2244(d) [Doc. 53]. The Magistrate Judge granted Respondents an extension of time and they filed their brief on February 22, 2010. Resp't's Mem. Brief Re: Equitable Tolling [Doc. 58].

On March 2, 2010, the Magistrate Judge granted Respondents' Motion to Quash, reasoning that Petitioner declined the opportunity to supplement the record at the August 5, 2009 evidentiary hearing, and further reasoning that the subpoena should be quashed because briefing on the issue of equitable tolling was complete. Order Granting Mot. to Quash [Doc. 59]. On March 10, 2010, Petitioner objected to the Magistrate Judge's Order, raising the same standing argument raised in his August 17, 2009 Response to the Motion, and further arguing that the Magistrate Judge's ruling was arbitrary and capricious. Objections on Mot. to Quash [Doc. 60].

## DISCUSSION

Petitioner argues that Respondents lacked standing to challenge the subpoena because it was issued to a non-party, and Respondents can claim no special right or privilege in the material subject to the subpoena. Doc. 60 at 6-7. Petitioner further notes that Ms. Johnson represented to Petitioner's counsel in a telephone conversation that the request for records was neither burdensome nor oppressive. *Id*. at 7. Respondents have not filed a response to Petitioner's objections.

The Federal Rules of Civil Procedure provide: "*A person commanded to produce documents . . . may serve on the party or attorney designated in the subpoena a written objection . . . .*" Fed. R. Civ. P. 45(c)(2)(B) (emphasis added). Generally, only the person subject to the subpoena may raise such an objection, and a party has no standing to object. 9 MOORE'S FEDERAL PRACTICE § 45.41[1][b] (Matthew Bender 3d ed. 2010). In particular, a party does not have standing to assert any rights of the nonparty who is subject to the subpoena as a basis for a motion to quash. *Id*. at § 45.50[3]. However, an exception to this general rule lies where a party claims a personal right or privilege with respect to the subpoenaed documents. *Id*.; *see also In re Grand Jury Subpoena Dated December 17, 1996*, 148 F.3d 487, 490 (5th Cir. 1998) ("A third party has standing to challenge a grand jury subpoena where the third party has a claim of privilege respecting information or

3

materials sought by the subpoena."); *Transcor, Inc. v. Furner Charters, Inc.*, 212 F.R.D. 588, 590-91 (D. Kan. 2003) (noting that "[a] motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena" and finding that corporate defendant had standing to move to quash because it had a personal right with respect to its own bank account records).

Here, the Magistrate Judge granted Respondents' Motion to Quash the subpoena notwithstanding Petitioner's claim that Respondents lacked standing to challenge it. The Court finds that the Magistrate Judge's failure to address the threshold issue of standing renders his Order Granting Respondents' Motion to Quash clearly erroneous. Before addressing the merits of any given case, a federal court must determine that the complaining party has standing to raise his claims. *Horne v. Flores*, 129 S. Ct. 2579, 2592 (2009). If the requirements of standing are not satisfied, a court must not proceed to the merits of the case. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 578 (1992).

Had the Magistrate Judge resolved the question of standing before proceeding to quash the subpoena, the conclusion that Respondents indeed lacked standing would have been inescapable. The subpoena was not served upon Respondents, and Respondents had no valid privilege or right with respect to the documents in question, as the requested documents consisted of Petitioner's classification file and related inmate information. *See In re Grand Jury Subpoena John Doe, No. 05GJ1318*, 584 F.3d 175, 190 (4th Cir. 2009) (Gregory, J., concurring) ("Because the Congressman is challenging a third-party subpoena, he only has standing to challenge [the] subpoena to the extent that he has a valid privilege or right with respect to the documents in question."); *United States v. Moffett*, 84 F.3d 1291, 1293 (10th Cir. 1996) ("[Only the party] to which the summons was issued,

would have had standing to [challenge it].").

Moreover, the reason that briefing was complete with respect to the issue of equitable tolling at the time of the Magistrate Judge's Order was because the parties were ordered to complete briefing, independent of whether or not the Magistrate Judge had ruled on Respondents' Motion to Quash. It was therefore improper for the Magistrate Judge to base his ruling on the fact that briefing was complete, which in essence punished Petitioner for honoring the deadline set by the Court.

## CONCLUSION

The Court finds that the Magistrate Judge's Order Granting Respondents' Motion to Quash [Doc. 59] was clearly erroneous, and further finds that due to Respondents' lack of standing to challenge the subpoena, their Motion to Quash should be denied. The Court therefore **VACATES** the Order Granting Respondents' Motion to Quash [Doc. 59] and **DENIES** Respondents' Motion to Quash [Doc. 47].

Dated this 14th day of July, 2010.

_____
MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE

5