# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**HAROLD LEE MORRIS, JR.,**

　　　　**Petitioner,**

**vs.**　　　　　　　　　　　　　　　　**Cause No.  6:06-cv-1052 MV/DJS**

**ROBERT ULIBARRI, Warden, Central
New Mexico Correctional Facility,**

　　　　**Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS <br> AND RECOMMENDED DISPOSITION[1]

By *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, and Immigration Habeas Corpus Proceedings* [Doc. 25], filed April 1, 2009, this matter was referred to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case.  For the reasons stated below, the Court recommends *Respondent's Motion to Dismiss Petition for Failure to Exhaust State Court Remedies (Mixed Petition)* [Doc. 70], filed August 27, 2010, be granted unless Petitioner amends his Petition by January 31, 2011 to assert only the exhausted claim.

## I.　　BACKGROUND

Petitioner Harold Lee Morris, Jr. ("Morris") filed his Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1] ("Petition") on October

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

26, 2006.[2]  Morris was *pro se* at the time he filed his Petition, but is currently represented by appointed counsel.  [Doc. 26 (Order appointing counsel).]  The Petition asserts three claims:  (1) the plea agreement Morris signed contained no sentencing restrictions and Morris' counsel was ineffective in advising him to accept it; (2) Morris was incompetent at the time he accepted the plea agreement; and (3) Morris' counsel was ineffective in that he failed to present a duress defense or "compelling psychological data."  [Doc. 1 at 6–9.]

Respondent answered the Petition on January 16, 2007, and asserted, among other defenses, that the "first and third claims were never presented to any New Mexico state court for review" and that the Petition therefore was a "mixed petition."  [Doc. 11 at 2.]  Respondent raised the "mixed petition" defense again in its brief on equitable tolling.  [Doc. 58 at 19.]

Respondent now moves to dismiss the Petition without prejudice on the grounds that it is a "mixed petition."  [Doc. 70]  Petitioner agrees that claims 1 and 3 are unexhausted, but does not agree that dismissal is the appropriate remedy.  [Doc. 74.]

II.     **DISCUSSION**

A.     **The Petition is a "mixed petition" and is subject to dismissal without prejudice**

Presentation of the federal issues to the state's highest court is a necessary predicate to proper exhaustion.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  The parties agree that two of the three claims in the Petition were never presented to the New Mexico Supreme Court and are unexhausted.  The parties contend the second claim—that Morris was incompetent at the time he accepted the plea deal—is the only claim that was raised in both the state district court and the New

---

[2]Morris plead guilty and was convicted in state court on September 4, 2002 of trafficking a controlled substance and conspiracy.  He was sentenced to a term of thirty-six years, twenty-four of which were suspended.  He has since been released on probation.  [Doc. 68.]

Mexico Supreme Court.  It purportedly was raised in a state habeas petition.  The first and third claims were not presented to both courts.[3]

A habeas petition that contains both exhausted and unexhausted claims is a "mixed petition" and must be dismissed.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("[W]e hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.")  The Petition in this case contains one exhausted and two unexhausted claims.  The Court therefore concludes it is a mixed petition and subject to dismissal without prejudice.

**B.      Petitioner should have an opportunity to amend**

Because a mixed petition must be dismissed, the petitioner is left "with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court."  *Rose*, 455 U.S. at 510.  Petitioner has requested that he be afforded an opportunity to choose between these two options, and Respondent agrees that Petitioner may be invited to delete his two unexhausted claims.  [Doc. 70 at 4; Doc. 74 at 4.]  Accordingly, the Court concludes that Petitioner should have an opportunity to amend his Petition to omit the unexhausted claims (Claims 1 and 3), and proceed only on the exhausted claim (Claim 2).

Petitioner should be made aware, however, that if he elects to amend his Petition to assert only his exhausted claim, "he could lose the opportunity to litigate his presently unexhausted claims in federal court."  *Rose*, 455 U.S. at 514.  A petitioner who files an amended petition is deemed to have abandoned the unexhausted claims, and a subsequent attempt to reassert them in federal court

---

[3]The parties appear to disagree whether these two unexhausted claims were raised in the state district court; they are in agreement, however, that the first and third claims were not presented to the New Mexico Supreme Court.

risks dismissal as abuse of the writ.  *Tapia v. Lemaster*, 172 F.3d 1193, 1195 (10th Cir. 1999) (explaining that petitions containing claims previously abandoned may be dismissed as second or successive petitions for purposes of the Antiterrorism and Effective Death Penalty Act).

Alternatively, Petitioner may choose not to amend and thereby delay his federal habeas petition altogether while he pursues state court remedies on the currently unexhausted claims.  If he chooses this option, he should bear in mind that the one-year statute of limitations applies to all the claims in his Petition, including the already exhausted claim, and that subsequent attempts to raise them in federal habeas may be time-barred.[4]

## III.   CONCLUSIONS and RECOMMENDATION

The Court concludes that the Petition is a mixed petition containing both exhausted and unexhausted claims.  The Petition is therefore subject to dismissal without prejudice.

The Court also concludes, however, that Petitioner should be afforded an opportunity to amend his Petition to assert only the exhausted claim.  If Petitioner elects to amend, he should file his amended complaint no later than January 31, 2011.  If Petitioner does not amend by that date, the Court will assume he has elected to pursue his state court remedies on the unexhausted claims and accordingly will recommend *Respondent's Motion to Dismiss Petition for Failure to Exhaust State Court Remedies (Mixed Petition)* [Doc. 70], filed August 27, 2010, be granted.

_____
**DON J. SVET**
**United States Magistrate Judge**

---

[4] The Court presumes counsel are well aware of the risk of time bar, as the issue of equitable tolling of the statute of limitations has been a primary issue in this case and is yet unresolved.

4