IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HAROLD LEE MORRIS, JR.,**

    Petitioner,

v.                                                                            No. 06-cv-1052 MV/SMV

**JOE ROMERO, Warden;**
**ATTORNEY GENERAL FOR THE**
**STATE OF NEW MEXICO; and**
**ROBERT ULIBARRI, Warden;**

    Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on [Petitioner's] Second Motion to Extend Time to File Objections to Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 90] ("Motion"), filed August 31, 2012. Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 86] were originally due on August 6, 2012. The Court granted Petitioner an extension of time until August 30, 2012. [Text-Only] Order [Doc. 88]. Petitioner filed the present Motion on August 31, 2012, after the time to file objections had expired. [Doc. 90]. The present Motion is therefore untimely. The only grounds identified by Petitioner's counsel in justifying the delay were counsel's heavy work load and involvement with other legal matters. *Id.* at 2. These justifications do not, as a matter of law, constitute excusable neglect under Fed. R. Civ. P. 6(b)(1)(B). However, because the Respondents have not objected to the untimely filing, and because the delay was not inordinate, the Court must grant the Motion.

**PROCEDURAL BACKGROUND**

This is a proceeding on a petition for writ of habeas corpus under 28 U.S.C. § 2254, filed October 26, 2006. Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody [Doc. 1] ("Petition"). The Court filed its Proposed Findings and Recommended Disposition ("PF&RD") on July 18, 2012. [Doc. 86]. The parties were placed on notice that, pursuant to 28 U.S.C. § 636(b)(1), any objections to the PF&RD had to be filed within 14 days. *Id.* at 26. On July 20, 2012, Petitioner filed an unopposed motion for extension of time until August 30, 2012, in which to file his objections. [Petitioner's] Unopposed Motion for Extension of Time to File Objections . . . [Doc. 87] at 1. The Court promptly granted that motion by a text-only order entered the same day. [Doc. 88]. Petitioner filed a second motion for extension of time on August 31, 2012, one day after his Objections were due. *See* Motion [Doc. 90]. He then filed a notice indicating that the Motion is unopposed. [Petitioner's] Notice Regarding the Respondent's Position on . . . Second Motion to Extend Time to File Objections . . . [Doc. 91] at 1.

Counsel does not directly address why he did not file his second motion before the deadline had run. However, as grounds for his request for additional time, he states

> 3. Undersigned counsel was away from the office from August 28, 2012 through August 30, 2012 on out-of-state business (an extended visit with an incarcerated client at a federal correctional institution in Texas). Time spent on this business matter has taken away time that otherwise could have been spent preparing the objections to the Magistrate Judge's proposed findings and recommended disposition.
>
> 4. Undersigned counsel had an evidentiary hearing in a post-conviction case in the Thirteenth Judicial District Court on August 31, 2012. Time spent preparing for this hearing, traveling to and from the hearing, and conducting the hearing took away time that otherwise could have been spent preparing the objections

> to the Magistrate Judge's proposed findings and recommended disposition.
>
> 5. Undersigned counsel's practice is a solo practice focusing on appellate and post-conviction cases. Accordingly, there is no one else in undersigned counsel's law firm who could prepare the objections to the Magistrate Judge's proposed findings and recommended disposition while undersigned counsel is away from the office and working on other clients' cases.

Motion [Doc. 90] at 2.

Rule 6(b) of the Federal Rules of Civil Procedure provides, in relevant part,

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(B).

## **DISCUSSION**

A request for an extension of time made after the relevant deadline requires the movant to establish "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining whether a movant has shown excusable neglect, a court should consider the circumstances, including: (i) the danger of prejudice to the opposing party; (ii) the length of the delay and its potential impact on the judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993) (stating factors in the context of Bankruptcy Rule 9006(b)). But the Court of Appeals for the Tenth Circuit has made it clear that the four *Pioneer* factors do not share equal weight; the excuse given for the late filing outweighs the other three factors. *See U.S. v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) ("[F]ault in the delay remains a very important factor—perhaps the most important single factor—in determining

whether neglect is excusable.") (quoting *Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

More importantly, the Tenth Circuit has made it clear that counsel's failure to make a timely filing because of a heavy work load does not, as a matter of law, constitute excusable neglect. *See Buckley v. United States,* 382 F.2d 611, 615 (10th Cir. 1967). The Court's inclination, therefore, would be to deny the Motion, and the Court would have done so if the Respondents had objected.

However, in the absence of an objection by the Respondents, the Court is constrained by *U.S. v. Mitchell*, 518 F.3d 740 (10th Cir. 2008) ("*Mitchell II*"). The defendant in *Mitchell II* was convicted of possession of more than 100 kilograms of marijuana with intent to distribute. *Id.* at 742. His counsel filed a notice of appeal one day late. *Id.* at 743. Recognizing that the notice was untimely, Mitchell's counsel filed a contemporaneous motion seeking an extension of time to file the notice of appeal. *Id.* The motion stated that the delay was caused by counsel's heavy work load and involvement with another trial. *See U.S. v. Mitchell*, 464 F.3d 1149, 1150 (10th Cir. 2006) ("*Mitchell I*"), *vacated and remanded by Mitchell v. U.S.*, 551 U.S. 1129 (2007), *remanded to Mitchell II,* 518 F.3d 740 (10th Cir. 2008). Significantly, the government did not object to the motion for an extension of time. *Mitchell II*, 518 F.3d at 744. Nevertheless, the district court denied the motion sua sponte, and the Tenth Circuit affirmed, relying on the holding in *Buckley, supra*. *Mitchell I*, 464 at 1151–52. The Supreme Court granted certiorari, vacated the judgment and remanded the case to the Tenth Circuit for reconsideration in light of the holding in *Bowles v. Russell*, 551 U.S. 205 (2007). *Mitchell v. U.S.*, 551 U.S. 1129 (2007).

On remand, the Tenth Circuit held that in the absence of an objection by the government, the court may not raise a time bar sua sponte when (1) judicial resources and administration are

not implicated, and (2) the delay has not been inordinate. *Mitchell II*, 518 F.3d at 750. Finding that neither circumstance was present, the Tenth Circuit overruled the district court's denial of defendant's Rule 6(b) motion and addressed the merits of the appeal. *Id.* at 751. In the present case, the Court cannot say that judicial resources have been expended or that the delay was inordinate. The Court concludes, therefore, that *Mitchell II* prohibits it from raising Rule 6(b)(1)(B) sua sponte, and the Court must grant Petitioner's Second Motion for Extension of Time.

Counsel is cautioned, however, that *Mitchell II* did not overturn *Buckley*. It is still the rule in this circuit that neither a heavy workload nor involvement in other legal matters constitutes excusable neglect. *See Mitchell II*, 518 F.3d at 755, n.4 (Lucero, J., dissenting). But for the professional courtesy extended by counsel for Respondents, the motion would have been denied and Petitioner would have been prevented from filing objections to the Court's Proposed Findings and Recommended Disposition. Counsel should not take on more work than he can handle effectively. *See* Rule 16-101, New Mexico Rules of Professional Conduct.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that [Petitioner's] Second Motion to Extend Time to File Objections to Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 90] be and the same hereby is **GRANTED**. Petitioner shall file his Objections to the Court's Proposed Findings and Recommended Disposition no later than September 7, 2012.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**